UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-21450-COOKE/TORRES

ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., WARNER MUSIC LATINA INC., and ZOMBA RECORDING, LLC,

       Plaintiffs,

v.

MONICA VASILENKO and DOES 1-10, d/b/a MP3SKULL.COM and MP3SKULL.TO,

       Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE
TO SERVE PROCESS BY ALTERNATE MEANS
PURSUANT TO FED. R. CIV. P. 4(f)(3)**

This matter is before the Court on Plaintiffs' Motion for Leave to Serve Process By Alternative Means Pursuant to Fed. R. Civ. P. 4(f)(3) ("Motion") [D.E. 19] and Plaintiffs' Notice of Supplemental Authority ("Notice") [D.E. 20],[1] which are both ripe for disposition. Having reviewed Plaintiffs' Motion, Plaintiffs' Notice, and the record, the Court hereby orders that Plaintiffs' Motion is **GRANTED** as follows.

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable Marcia G. Cooke. [*See* D.E. 5].

## I.  BACKGROUND

This case arises out of Plaintiffs' two-count complaint for direct and secondary copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, alleging that Defendants are owners and operators of "MP3Skull," a website devoted to massive-scale piracy of Plaintiffs' extensive library of sound recordings. Plaintiffs—record companies claiming responsibility for the majority of legitimate commercial sound recordings in the United States—contend that Defendants actively and intentionally encourage copyright infringement by targeting millions of online users and directly profiting off such usage. Plaintiffs seek a declaration as to Defendants' infringement and seek to enjoin Defendants from further infringing their copyrighted sound recordings. [*See generally* D.E. 1].

Plaintiffs filed suit on April 17, 2015. [D.E. 1]. On April 21, 2015, the Court entered an order expediting service by June 22, 2015 [D.E. 7, 8] and directing Plaintiffs—should they find themselves unable to comply with the Court's Order—to provide the Court with an explanation as to why service could not be effectuated within the applicable time frame. [D.E. 7]. Plaintiffs immediately filed copies of proposed summonses with the Court [D.E. 10], issued a summons for Defendant Monica Vasilenko based on the limited information they could obtain [*see* D.E. 11], and emailed copies of the summons and complaint to a variety of email addresses and online locations directly connected to Defendants' website [*see* D.E. 19 at pp. 2 - 3]. In compliance with the Court's Order, Plaintiffs filed the instant Motion [*see* D.E. 19]

requesting that Plaintiffs' emails to Defendants be deemed effective service.  In support, Plaintiffs summarize:

> Plaintiffs' investigation indicates that Defendants appear to operate their unlawful enterprise from the Russian Federation, where they are effectively immune from service through diplomatic channels, by personal service, or by international courier.  Moreover, the Russian address that Defendants provided upon registering the . . . domain name—which was only briefly visible between a transition between proxy services that Defendants employ to conceal their identities—is incomplete, making such forms of physical service impossible. . . .  Plaintiffs have sent Defendants copies of the summons and complaint—as well as links to additional copies of those documents—by electronic means to every publicly-known address associated with MP3Skull.

[D.E. 19 at p. 2].  Plaintiffs also emphasize Defendants' deliberate efforts to conceal their identity and location, noting that Defendants declined to provide any contact information on their site and employed "MyPrivacy.net," a privacy-protection service that specializes in hiding contact information from public view.  [D.E. 19 at pp. 4 - 5].  Plaintiffs likewise stress that over the past five years, Defendants only slipped twice in their efforts to conceal their contact information—briefly in December 2010 and again in October of 2013, at which points Plaintiffs were able to obtain only portions of Defendant Moncia Vasilenko's Russian address as well as two email addresses.  It was only through these fleeting moments of oversight that Plaintiffs were able to send copies of summonses and the underlying complaint to Defendants.  [*See* D.E. 19 at p. 5].

## II.   ANALYSIS

### A.   *Applicable Principles and Law*

Plaintiffs bring this motion pursuant to Fed. R. Civ. P. 4(f)(3). [D.E. 19 at p. 1]. For service upon an individual within a foreign country, Fed. R. Civ. P. 4(f)(3) allows service by any "means not prohibited by international agreement" so long as the selected means are reasonably calculated to give notice to Defendants and not prohibited by federal law. *See also Chanel, Inc. v. acheterchanel.com*, No. 12-CV-21854, 2012 WL 3544844, at *2 (S.D. Fla. Aug. 16, 2012) (citing *Brookshire Bros. v. Chiquita Brands Intern., Inc.,* No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. August 16, 2012) ("[District courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.")). Service pursuant to Rule 4(f)(3) is considered "neither a last resort nor extraordinary relief." *Brookshire Bros.*, 2007 WL 1577771, at *2 (citing *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Further, the "plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the District Court." *Chanel, Inc.*, 2012 WL 3544844, at *2. With respect to service, due process "requires only that an alternative method of service be reasonably calculated to provide notice and an opportunity to respond." *U.S. Commodity Futures Trading Comm'n v. Rubio,* No. 12-CV-22129, 2012 WL 3614360, at *2 (S.D. Fl. Aug. 21, 2012) (citing *Rio Properties, Inc.*, 284 F.3d at 1017)).

### B. *International Service via Email*

Service by email is not prohibited under international agreement in this case particularly given that Defendants appear to reside in Russia, where service via diplomatic channels, process servers, or international mail is prohibited. While the United States and Russia are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361("Hague Convention"), which provides for service of process to be effected through a designated Central Authority of the country in which service is to be made, Russia's pattern of noncooperation with respect to service through regular means has led federal courts to authorize alternate methods of service. *See, e.g.*, *Bidonthecity.com, LLC v. Halverston Holdings Ltd.*, No. 12 Civ. 9258(ALC)(MHD), 2014 WL 1331046, at *10 (S.D. N.Y. Mar. 31, 2014) (discussing proper service on Russian Defendants under Rule 4(f) and taking "judicial notice of the fact that Russia refuses to transmit service requests through its Central Authority and thus requests go unexecuted"). Furthermore, the Hague Convention does "not apply where the address of the person to be served with the document is not known." Hague Convention, art. I.

Courts in this district routinely permit service by email and other electronic means pursuant to Rule 4(f)(3). *See, e.g.*, *Under Armour, Inc. v. 51NFLJersey.com*, No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (noting that courts regularly grant leave for service by email when "defendants conduct business extensively, if not exclusively, through their Internet websites and correspond

5

regularly with customers via emails" and where "defendants do not disclose their physical addresses or location of incorporation and . . . plaintiff has shown that email is likely to reach defendants") (citing *Phillip Morris USA, Inc. v. Veles Ltd.*, No. 06-CV-2988, 2007 WL 725412, at *3 (S.D. N.Y. Mar. 12, 2007)); *Chanel, Inc.*, 2012 WL 3544844 (allowing for alternative service by email); *Rubio*, 2012 WL 3614360 (same).

Plaintiffs have shown that Defendants conduct business extensively, if not exclusively, through their internet website, *see Phillip Morris USA, Inc.*, 2007 WL 725412, and have demonstrated that it is apparent that Defendants operate out of Russia, where service through conventional means has been proven ineffective, *see Bidonthecity.com*, 2014 WL 1331046. Plaintiffs have likewise shown that their four selected means of contact are reasonably calculated to apprise Defendants of this action: Plaintiffs have contacted Defendant through their only known email addresses, their prior website-hosting service, their privacy-protection agency, and directly through their website itself. Given Defendants' deliberate efforts to hide their identity online, Plaintiffs' chosen methods of contact seem the most appropriate for the situation. For these reasons, the Court hereby **GRANTS** Plaintiffs' motion for alternative service pursuant to Fed. R. Civ. P. 4(f)(3).

### *III.   CONCLUSION*

In light of the above, it is hereby ordered that Plaintiff's Motion for Leave to Serve Process by Alternative Means be **GRANTED**.

It is further ordered that Plaintiff has effected service of process on Defendants by serving the summons and complaints by the following means:

1. Electronic mail ("email") to the email addresses bombmp3@gmail.com and emp3world@gmail.com, which Defendants provided to register their Internet domain;

2. Email to abuse@webzilla.com, the website hosting service that Defendants employed to host the MP3Skull website, which has forwarded the email, summons, and complaint to Defendants;

3. Electronic message via the "Copyright Complaint Form" that Defendants maintain on the MP3Skull website; and

4. Electronic message to the privacy protection agency that Defendants employ to cloak their contact information, which has forwarded the message, summons, and complaint to Defendants.

It is further ordered that Defendants have twenty-one (21) days from the date of this Order to file a responsive pleading. Plaintiffs shall forthwith serve a copy of this Order on Defendants by the same means specified above.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 3rd day of August, 2015.

/s/ *Edwin. G. Torres*
EDWIN G. TORRES
United States Magistrate Judge