UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21450-Civ-COOKE/TORRES

ARISTA RECORDS LLC, *et al.*,

    Plaintiffs,

vs.

MONICA VASILENKO, *et al.*,

    Defendants.

_____/

## AMENDED FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

    THIS MATTER is before me upon Plaintiffs' Expedited Motion for Amendment of Final Default Judgment and Permanent Injunction (ECF No. 36). I have reviewed the record, and note the default entered by the Clerk of the Court (ECF No. 24) as to Defendants Monica Vasilenko, MP3SKULL.COM, and MP3SKULL.TO for failure to answer or otherwise respond to the Summons and Complaint. Additionally, I issued an Order to Show Cause (ECF No. 29) on October 19, 2015, giving Defendants an opportunity to demonstrate to the Court why a default judgment should not be entered against them in this case. Defendants have failed to respond to the Order to Show Cause.

    A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). Here, Plaintiffs have properly pled their claims, provided supporting affidavits, and have provided the Court with the 148 copyrighted works in question. Thus, Plaintiffs have presented sufficient evidence that demonstrates they are entitled to final default judgment, statutory damages, and a permanent injunction as specified below.

    Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

    1. Plaintiffs' Expedited Motion for Amendment of Final Default Judgment and Permanent Injunction (ECF No. 36) is **GRANTED**. This Order supersedes my

original Final Default Judgment and Permanent Injunction Order (ECF No. 34). Judgment is entered in favor of Plaintiffs Arista Records LLC, Atlantic Recording Corporation, Capitol Records, LLC, Elektra Entertainment Group Inc., LaFace Records LLC, Sony Music Entertainment, Sony Music Entertainment US Latin LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Warner Music Group Corp., Warner Music Latina Inc., and Zomba Recording LLC, and against Defendants Monica Vasilenko, MP3SKULL.COM and MP3SKULL.TO.

2. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiffs are awarded statutory damages from Defendants in the amount of $22,200,000, for which let execution issue.

3. Pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651(a), and this Court's inherent equitable powers, Defendants and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are hereby *permanently* **RESTRAINED and ENJOINED** from infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Plaintiffs' copyrights protected by the Copyright Act, whether now in existence or hereafter created.

4. Pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651(a), and this Court's inherent equitable powers, and in order to give practical effect to the Permanent Injunction, all persons who are in active concert and participation with Defendants or their officers, agents, servants, employees, or attorneys, and having actual knowledge of this Order by service, notice or otherwise, are hereby *permanently* **RESTRAINED and ENJOINED** from allowing the continued use, or the transfer to any person other than Plaintiffs, of any or all domain names or URLs through which Defendants infringe Plaintiffs' copyrights (including, without limitation, mp3skull.com, mp3skull.to, mp3skull.cr, mp3skull.is, mp3skull.ninja, mp3skull.la, mp3skull.wtf, mp3skull.yoga, mp3skull.club, mp3skull.zone, mp3skull.mn, mp3skull.cm, mp3skull.cz, mp3skull.gd, mp3skull.ms, mp3skull.at, mp3skull.vg, mp3skull.pl, mp3skull.vodka, and mp3skullreborn.com (the "MP3Skull Domains")). Further, Defendants shall immediately transfer the MP3Skull Domains to Plaintiffs' control.

5. Further, all domain name registrars and registries for each of the MP3Skull Domains, such as VeriSign, Inc., shall promptly, to the extent they have not already done so, within not more than twenty-four (24) hours, disable the MP3Skull Domains, through a registry hold or otherwise, and prevent their transfer to anyone other than Plaintiffs. To the extent that Defendants or those in active concert or participation with them fail to comply with this Order, the domain name registrars and registries for each of the MP3Skull Domains shall, within thirty (30) days of receipt of notice of this Order, change the Registrar of Record for each MP3Skull Domain to a Registrar of Plaintiffs' choosing.

6. This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement or modification of this Amended Final Default Judgment and Permanent Injunction. In addition, pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to an award of attorneys' fees and costs. This Court shall therefore retain jurisdiction to determine the reasonable amount of such fees and costs based upon a motion to be filed by Plaintiffs.

7. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 22nd day of March 2016.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*