**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 15-cv-21450-COOKE/TORRES

ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., WARNER MUSIC LATINA INC., and ZOMBA RECORDING LLC,

                Plaintiffs,

      v.

MONICA VASILENKO and DOES 1-10, d/b/a MP3SKULL.COM and MP3SKULL.TO,

                Defendants.

**PLAINTIFFS' EXPEDITED MOTION FOR CLARIFICATION THAT THE COURT'S PERMANENT INJUNCTION REQUIRES THIRD PARTY CLOUDFLARE, INC. TO CEASE ITS SUPPORT OF DEFENDANTS' OPERATIONS**

Plaintiffs hereby move this Court for a supplemental order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, clarifying that the permanent injunction that this Court issued on March 22, 2016 (D.E. 37) applies to third party CloudFlare, Inc. ("CloudFlare"). Plaintiffs request expedited consideration of the motion because, as explained below, plaintiffs have exhausted other available options with respect to Defendants, who continue to openly flout the Court's existing Order, and the proposed clarification will facilitate CloudFlare's compliance with that Order. Clarification is necessary to prevent ongoing and irreparable harm to Plaintiffs from Defendants' conduct.

## INTRODUCTION

On March 22, 2016, this Court entered an Amended Final Default Judgment and Permanent Injunction (the "March 22 Order") finding Defendants liable for massive copyright infringement through their operation of a blatantly illegal website (the "MP3Skull website"). Among other things, the March 22 Order prohibits Defendants, their agents and "all persons who are in concert or participation" with them from using or "allowing the continued use . . . of any or all domain names or URLs through which Defendants infringe Plaintiffs' copyrights," including numerous domain names incorporating the MP3Skull moniker. *See* March 22 Order at 2 (D.E. 37).[1]

Despite having received and acknowledged notice of the March 22 Order, third party CloudFlare refuses to comply with the Injunction and continues to provide certain vital services to Defendants, including the delivery of Internet traffic to and from the MP3Skull website, now accessible at the domain name "mp3skull.vg." Defendants themselves remain openly in

---

[1] The Injunction provides the following non-exhaustive list of domain names that are subject to the Court's order: mp3skull.com, mp3skull.to, mp3skull.cr, mp3skull.is, mp3skull.ninja, mp3skull.la, mp3skull.wtf, mp3skull.yoga, mp3skull.club, mp3skull.zone, mp3skull.mn, mp3skull.cm, mp3skull.cz, mp3skull.gd, mp3skull.ms, mp3skull.at, mp3skull.vg, mp3skull.pl, mp3skull.vodka, and mp3skullreborn.com (hereinafter the "MP3Skull Domains")).

1

contempt of this Court's Order by continuing to operate the MP3Skull website. For the reasons set forth below, Plaintiffs respectfully request that this Court issue a supplemental Order, pursuant to Federal Rule of Civil Procedure 65, clarifying that CloudFlare is required to comply immediately with the March 22 Order and cease and desist from its provision of any and all services and other means of support to Defendants and their MP3Skull Domains. Plaintiffs have served Defendants and CloudFlare with a copy of this motion.[2]

## BACKGROUND

On October 2, 2015, Plaintiffs moved this Court for entry of a final default judgment and permanent injunction. As explained in greater detail in Plaintiffs' Memorandum of Law in support of that motion (D.E. 26), Defendants own and operate "MP3Skull," one of the world's most notorious pirate websites. Defendants maintain and operate this website for the express and overarching purpose of infringing copyrights in sound recordings on a massive scale – including thousands of sound recordings owned or controlled by Plaintiffs – and for the ill-gotten profits Defendants reap from this infringement. Plaintiffs, several of the world's leading record companies, brought this action to stop Defendants' widespread, intentional, and brazen infringement of Plaintiffs' valuable copyrights and to recover damages from that infringement.

### 1.  Defendants' Contempt of the Court's Order

On February 24, 2016, this Court entered a final default judgment and permanent injunction against Defendants, requiring, among other things, that Defendants cease their operation of the MP3Skull website. *See* D.E. 34 (the "February 24 Order"). Since then, Defendants have openly flouted the Order, moving the MP3Skull website to new online locations

---

[2] Plaintiffs served a copy of this motion on Defendants today by the same electronic means that the Court has approved for all previous filings in this case. Plaintiffs served a copy of this motion on CloudFlare by email today to CloudFlare's counsel. Plaintiffs' counsel also spoke with Counsel for CloudFlare this morning by telephone and apprised him of the filing and substance of this motion. Counsel for CloudFlare agreed to accept service by email as a courtesy, but without waiver of objections.

with different domain names with the intent of frustrating Plaintiffs' efforts to enforce the Court's Order.

To address this problem, this Court, on March 22, amended its February 24 Order to include, by specific reference, each of the twenty different MP3Skull Domains that Defendants had registered as of that date. *See* March 22 Order (D.E. 37). Although Defendants defied (and continue to defy) the amended Order as well, that Order allowed Plaintiffs to obtain the compliance of numerous third parties – specifically, domain name registries and registrars who suspended several of the MP3Skull Domains and transferred them to Plaintiffs' control, as the March 22 Order required. A few remaining MP3Skull Domains, however, are registered through foreign entities that have ignored the Court's Order, leaving Defendants to continue their contemptuous and infringing conduct from the MP3Skull website's current online location, mp3skull.vg.

2. **CloudFlare and its Refusal to Comply with the Court's Order**

Since April 22, 2015 (less than a week after Plaintiffs filed this action) to the present day, Defendants have employed the services of CloudFlare for most aspects of the MP3Skull website's operations.[3] CloudFlare provides a so-called "pass-through security service" that acts, in effect, as a "middleman" that sits between a website and the users who interact with it. *See* Fourth Declaration of Mark McDevitt, attached hereto as Exhibit A, at ¶ 4. Rather than allow users to contact the server on which the MP3Skull website is hosted directly (the "Host Server"), CloudFlare receives user interactions with the MP3Skull website and relays them through CloudFlare servers to and from the Host Server and the requesting users. *Id.* As it is currently

---

[3] CloudFlare is a Delaware corporation that does business throughout the United States, including in Florida. *See, e.g.,* https://www.cloudflare.com/terms (last visited July 21, 2016); https://support.cloudflare.com/hc/en-us/articles/200169986-Which-CloudFlare-data-center-do-I-reach- (identifying Miami-based CloudFlare data center) (last visited July 21, 2016).

3

configured, the MP3Skull website would be inaccessible to users at its domain name "mp3skull.vg" absent CloudFlare's role in facilitating user interactions with the website. *Id.* at ¶ 5.

On June 30, 2016, after exhausting their efforts with domain name registrars and registries, Plaintiffs served CloudFlare with a copy of the March 22 Order and requested that CloudFlare comply with the Order by ceasing and desisting from its provision of support to the MP3Skull website. *See* Declaration of Kenneth L. Doroshow, appended hereto as Exhibit B, at ¶ 3. CloudFlare's counsel confirmed receipt of the March 22 Order and Plaintiffs' request the next day. *Id*. On July 5, 2016, in a telephone conversation with Plaintiffs' counsel, CloudFlare's counsel stated that CloudFlare did not construe the March 22 Order as applying to it and, rather than ceasing the provision of services to Defendants, insisted that Plaintiffs seek an order from this Court specifically requiring CloudFlare to do so. *Id.* at ¶ 4.

## **ARGUMENT**

CloudFlare is plainly within the scope of the March 22 Order and should be ordered to comply with the Order forthwith. By its terms, the March 22 Order prohibits Defendants, their agents and "all persons who are in active concert or participation" with them from using or "allowing the continued use . . . of any or all domain names or URLs through which Defendants infringe Plaintiffs' copyrights," including the MP3Skull Domains. *See* March 22 Order at 2 (D.E. 37).

The law is clear that CloudFlare's continued provision of services to Defendants, with full knowledge of this Court's Order, renders CloudFlare "in active concert or participation" with Defendants. Indeed, in virtually identical circumstances, a federal court in New York concluded that CloudFlare was bound by the terms of an injunction against the operators of a pirate website and ordered CloudFlare to cease its provision of services to the defendants and their website.

4

*See Arista Records LLC v. Tkach*, 122 F. Supp. 3d 32 (S.D.N.Y. 2015).

In *Tkach*, CloudFlare had refused to cease the provision of its services to a website whose operators had been preliminarily enjoined from continuing to operate a pirate service that infringed Plaintiffs' copyrights and trademarks. CloudFlare argued that the court's injunction against the defendants did not apply to it primarily because CloudFlare's services were passive and automatic and, therefore, could not constitute "active concert or participation" for purposes of Rule 65.[4] The court rejected CloudFlare's position, finding that CloudFlare, by providing its suite of services to the pirate website with knowledge of the court's order, was aiding and abetting the defendants in their violation of the order. *Tkach*, 122 F. Supp. 3d at 37.

This case is no different. By choosing to continue to provide the identical services to Defendants as it did in *Tkach*, with clear knowledge of the illegality of Defendants' actions here, CloudFlare is now aiding and abetting that unlawful conduct and should be ordered to cease and desist from it immediately. *See Tkach*, 122 F. Supp. 3d at 36 (noting that "'active concert or participation' exists if the third party 'aided and abetted' the party subject to the injunction"); *see also, e.g., North Face Apparel Corp. v. Fujian Sharing Imp. & Exp. Ltd.*, No. 10-civ-1630 (AKH), Slip Op. at 4-6 (S.D.N.Y. June 24, 2010) (finding domain name registry to have aided and abetted counterfeiting websites by continuing to connect users to the websites: "My injunction, once served upon [the] Registry, should have alerted it to no longer play its role in allowing customers to connect to defendant counterfeiters' websites, for [the] Registry would, by continuing to do so, commit an unlawful act, by aiding and abetting in defendants' unlawful counterfeiting activities in violation of United States law"); *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 195-96 (2d Cir. 2010) ("Nonparties who reside outside the territorial jurisdiction of a

---

[4] As the Court is aware, Rule 65 provides, among other things, that every injunction automatically binds not only the parties and their agents, but also "other persons who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

5

district court may be subject to that court's jurisdiction, if, with actual notice of the court's order, they actively aid and abet a party in violating that order") (quoting *Waffenschmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985)).

Finally, although mp3skull.vg is the current online location of the MP3Skull website, Defendants continue to hold several other MP3Skull Domains, some of which are configured to redirect Internet traffic automatically to mp3skull.vg, including the following: mp3skull.at, mp3skull.cm, mp3skull.cr, mp3skull.cz, mp3skull.gd, mp3skull.is, mp3skull.la, mp3skull.mn, mp3skull.ms, and mp3skull.pl (the "Active MP3Skull Domains"). CloudFlare currently provides services to all of these domain names. *See* Fourth McDevitt Decl. at ¶¶ 5, 6. Moreover, while the MP3Skull website has moved from domain to domain since the inception of this case, the site has consistently been found, according to CloudFlare's own records, at one of two IP addresses: 89.46.100.104 and 151.80.100.107. *Id.* at ¶ 6. Accordingly, CloudFlare should be required to cease its provision of services to any of the Active MP3Skull Domains, as well as any website at either 89.46.100.104 or 151.80.100.107 that includes "MP3Skull" in its name.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that CloudFlare be ordered to immediately cease and desist from its provision of any and all services and other means of support to Defendants and their MP3Skull website, as provided in the proposed Order submitted concurrently with this motion.

Dated:  August 4, 2016								Respectfully submitted,


							By:	 /s/ Karen L. Stetson
								Karen L. Stetson

								GRAY-ROBINSON, P.A.
								Karen L. Stetson (FL Bar No. 742937)
								1221 Brickell Avenue
								16th Floor
								Miami, Fl 33131
								Telephone: (305) 416-6880
								Facsimile: (305) 416-6887

								JENNER & BLOCK LLP
								Kenneth L. Doroshow (*admitted pro hac vice*)
								1099 New York Ave., N.W.
								Suite 900
								Washington, DC 20001
								Telephone:  (202) 639-6000
								Facsimile: (202) 639-6066

								*Attorneys for Plaintiffs*