UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21450-Civ-COOKE/TORRES

ARISTA RECORDS LLC, *et al.*,

    Plaintiffs,

vs.

MONICA VASILENKO, *et al.*,

    Defendants.

_____/

## **ORDER**

    This matter arises from an Amended Final Default Judgment and Permanent Injunction ("Permanent Injunction") (ECF No. 37) I entered in favor of Plaintiffs Arista Records LLC; Atlantic Recording Corporation; Capital Records, LLC; Elektra Entertainment Group Inc.; LaFace Records LLC; Sony Music Entertainment; Sony Music Entertainment US Latin LLC; UMG Recordings, Inc.; Warner Bros. Records Inc.; Warner Music Group Corp.; Warner Music Latina Inc.; and Zomba Recording LLC (collectively, "Plaintiffs"), and against Defendants Monica Vasilenko, MP3SKULL.COM, and MP3SKULL.TO (collectively, "Defendants"). After the Permanent Injunction was issued, Plaintiffs filed an Expedited Motion for Clarification of Amended Final Default Judgment and Permanent Injunction ("Motion") (ECF No. 38) related to a non-party in the action, CloudFlare, Inc. ("CloudFlare"). Cloudflare, in turn, filed their Response in Opposition to Plaintiffs' Motion (ECF No. 42), and Plaintiffs submitted their Reply (ECF No. 43). The Motion is therefore fully briefed and ripe for adjudication.

    I have reviewed the Motion, the Response and Reply, the record, and the relevant legal authorities. For the following reasons, Plaintiffs' Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs brought this action against Defendants for copyright infringement based on their operation of the MP3Skull website. *See* ECF No. 1. The MP3Skull website provided third-party users with unauthorized and unlicensed copies of Plaintiffs' sound recordings. After Plaintiffs notified the court of additional domain names at issue, I entered the Permanent Injunction requiring, among other things, that Defendants cease their operation of the MP3Skull website and related domain names. *See* ECF No. 37. Plaintiffs allege that Defendants have defied the Permanent Injunction by moving the MP3Skull website to new online locations and different domain names, frustrating Plaintiffs' efforts to enforce the Permanent Injunction. ECF No. 38 at 2 – 3.

Plaintiffs served non-party CloudFlare with a copy of the Permanent Injunction, and requested that it comply with the Permanent Injunction by halting any support to the MP3Skull website. *See id.* at 4. CloudFlare is an online service provider that offers various performance services for websites. It acts as an intermediary between a website visitor and the hosting website, including the websites involved in this case.

Plaintiffs contend that CloudFlare, despite having received and acknowledged notice of the Permanent Injunction, continue to service Defendants, including the delivery of internet traffic to and from the MP3Skull website, now accessible at the domain name "mp3skull.vg." ECF No. 38 at 1.

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure ("Rule 65") governs federal court injunctions. Generally, a court may not enjoin a non-party to an action before it. *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 96 F.3d 1390, 1394 – 95 (Fed. Cir. 1996) (citing *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832 (2d Cir. 1930)). A party who acts in concert with an enjoined party, however, may be subject to the strictures of an injunction. *See Alemite,* 42 F.2d at 833. In particular, an injunction is binding upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them." *Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 13 – 14 (1945) (quoting Fed. R. Civ. P. 65(d)). "Active concert or participation" includes aiders, abettors, and privies of an enjoined party. *See Golden State Bottling Co., Inc. v. NLRB,* 414 U.S. 168, 179 – 80 (1973) (citing *Regal Knitwear,* 324 U.S. at 14; *Additive Controls,* 96 F.3d at

1395; *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.,* 91 F.3d 914, 919 – 20 (7th Cir. 1996). Including these actors recognizes "that the objectives of an injunction may be thwarted by the conduct of parties not specifically named in its text." *Rockwell Graphic,* 91 F.3d at 920.

### III.  DISCUSSION

#### A. Copyright Act

CloudFlare contends that Section 512 of the Copyright Act ("Section 512") guides how the Permanent Injunction applies to it, not Rule 65(d) of the Federal Rules of Civil Procedure. I disagree.

The Digital Millennium Copyright Act ("DMCA") amended the Copyright Act to preserve copyright enforcement on the internet, and to provide immunity to online service providers from copyright infringement liability for "passive" or "automatic" actions in which a service provider's system engages through a technological process initiated by another without knowledge of the provider. *ALS Scan. Inc. v. RemarQ Cmtys., Inc.,* 239 F.3d 619, 625 (4th Cir. 2001) (citing H.R. Conf. Rep. No. 105-796, at 72 (1998)). Section 512 also codified a separate portion of the DMCA known as the Online Copyright Infringement Liability Limitation Act ("OCILLA"), which was designed to "clarif[y] the liability faced by service providers who transmit potentially infringing material over their networks." *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 27 (2d Cir. 2012) (citing S. Rep. No. 105-190, at 2 (1998)). To that end, the OCILLA limits the liability for copyright infringement of certain accused online service providers through various safe harbors. *See* 17 U.S.C. § 512(a) – (d). Moreover, Section 512 outlines rules for copyright infringement-related injunctions involving online service providers that are not subject to monetary remedies. *See id.* § 512(j).

But Section 512 concerns service providers that may otherwise be directly liable for copyright infringement due to the actions of others without their knowledge. *See* 17 U.S.C. § 512(j); *ALS Scan*, 239 F.3d at 625. It does not blunt a court's power to enforce a permanent injunction involving non-parties such as CloudFlare that may be "in active concert or participation" with Defendants. Fed. R. Civ. P. 65(d)(2). Every injunction issued by a federal court, regardless of the substantive law at issue, automatically forbids non-parties that act "in active concert or participation" with an enjoined party from violating the injunction. *NML Capital, Ltd. v. Republic of Arg.*, 727 F.3d 230, 243 (2d Cir. 2013); *see also Belfiore v. Procter & Gamble Co.,* 311 F.R.D. 29, 54 (E.D.N.Y. 2015). In short, "parties

otherwise without an injunction's coverage may subject themselves to its proscriptions should they aid or abet the named parties in a concerted attempt to subvert those proscriptions." *Rockwell Graphyc Sys., Inc. v. Dev Indus., Inc.*, 91 F.3d 914, 919 (7th Cir. 1996). Here, Plaintiffs do not allege Cloudflare is directly liable for copyright infringement. Further, CloudFlare has been aware of Defendants' infringing behavior since at least May 2015 when it first assisted Plaintiffs in identifying relevant online information involving Defendants. *See* ECF No. 42 at 7. Simply put, Section 512's limits to online service provider liability are inapplicable here.

### B. Due Process

Though I have determined Section 512 does not effect the scope of Rule 65 and the Permanent Injunction here, I do not believe I can make a formal ruling on whether Cloudflare was in "in active concert or participation" with Defendants until CloudFlare has had a reasonable opportunity to be heard.

When a non-party acts in concert with the defendant to violate the injunction, it is a contemnor, and an injunction is enforceable against it, if need be, through the court's contempt jurisdiction. *See Regal Knitwear*, 324 U.S. at 14. Nonetheless, a court cannot find a non-party who allegedly aids and abets the defendant in violating an injunction in contempt without evidence of complicity between the non-party and the defendant. *Id.* at 16. Thus, even if a court asserts that a non-party is bound by its order does not make it so. *See id.* at 14 – 15.

To determine whether CloudFlare is "in active concert or participation" with Defendants, due process requires not only notice of the Permanent Injunction, but also an opportunity for CloudFlare to address the issue head-on.[1] CloudFlare is now aware that

---

[1] *See, e.g.*, *Golden State Bottling Co., Inc. v. N.L.R.B.*, 414 U.S. 168, 180 (1973) (noting "[t]here will be no adjudication of liability against a [non-party] without affording it a full opportunity at a hearing, after adequate notice, to present evidence"); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (noting that an evidentiary hearing was conducted before finding non-party in contempt); *NML Capital, Ltd. v. Republic of Arg.*, 727 F.3d 230, 243 (2d Cir. 2013) (finding that non-parties had not been deprived of due process related to an injunction because, after being served, they would be entitled to notice and the right to be heard); *Marshak v. Treadwell*, 595 F.3d 478, 491 – 92 (3d Cir. 2009) (reversing finding of civil contempt where contemnor appeared only as a non-party witness and plaintiff never moved for a finding of contempt against contemnor); *Arista Records, LLC v.*

Rule 65(d) governs the Permanent Injunction, and that any failure to comply with it might expose CloudFlare to a contempt finding. At the appropriate time, then, the parties may file motions related to whether CloudFlare aided and abetted Defendants in violating the injunction. Cloudflare also proposed its own modifications to the Permanent Injunction that Plaintiffs have not addressed, so an agreement without further briefing is possible here. *See* ECF No. 42 at 17. But without more guidance or briefing from the parties at this point, it is unwise to make a formal ruling on this issue.

## IV.  CONCLUSION

I find that the Copyright Act does not impinge on Rule 65(d)'s non-party provisions and the Permanent Injunction in this case. Further, I defer concluding whether CloudFlare is in active concert or participation with Defendants. Parties will have an opportunity to argue this issue if, for example, contempt proceedings are needed to enforce the Permanent Injunction.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiffs' Expedited Motion For Clarification (ECF No. 38) is **GRANTED** *in part* and **DENIED** *in part*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 23rd day of March 2017.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

---

*Tkach*, 122 F. Supp. 3d 32, 35 (S.D.N.Y. 2015) (providing the parties with an opportunity to request an evidentiary hearing—which was declined—before finding non-party in active concert or participation with Defendants).