**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

Case No. 15-cv-21450-COOKE/TORRES

| | |
|---|---|
| ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., WARNER MUSIC LATINA INC., and ZOMBA RECORDING LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MONICA VASILENKO and DOES 1-10, d/b/a MP3SKULL.COM and MP3SKULL.TO,<br><br>                    Defendants. | **NON-PARTY CLOUDFLARE, INC.'S RULE 60(B) MOTION TO VACATE THE COURT'S MARCH 23, 2017 ORDER** |

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, non-party Cloudflare, Inc. hereby moves this Court to vacate its March 23, 2017 Order on Plaintiffs' motion for clarification. *See* Dkt. No. 48 ("Order"). After the Court issued the Order, Plaintiffs abandoned all efforts to pursue final resolution of the outstanding issues the Court raised in its Order or to enforce against non-party Cloudflare the default judgment injunction they obtained against Defendant Monica Vasilenko and unnamed Does. Upon investigating the issue further, Cloudflare discovered that Plaintiffs' motion was entirely moot long before this Court issued its ruling on March 23, 2017. Indeed, as it turned out, nearly all of the relief Plaintiffs asked for in their expedited motion for clarification (Dkt. No. 38) was moot at the time that Plaintiffs first moved to enforce their injunction against Cloudflare, and the small remainder became moot shortly thereafter through no independent or affirmative action by non-party Cloudflare. Plaintiffs have not taken any steps, either before the Court entered its Order or since then, to inform the Court about the mootness of their motion. Because there is no finding that Cloudflare ever acted "in active concert or participation" with Defendants, and the relief that Plaintiffs sought was moot before the Court's first ruling on Plaintiffs' motion, this Court should vacate its Order and thus prevent any jeopardy or adverse effect that the Order might impose on non-party Cloudflare.

**<u>INTRODUCTION</u>**

Cloudflare has no proper role in this lawsuit. It is not a party, and it takes no sides. Cloudflare merely offers "pass-through" Internet security and website optimization services for over 6 million Internet properties, including sites of government agencies, businesses, and organizations such as the Federal Bureau of Investigation, NASDAQ, World Economic Forum, Cisco Systems, OKCupid, and numerous state and national governments. Declaration of

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

1

Douglas Kramer ("Kramer Dec.") at ¶ 4. Indeed, Cloudflare provides its services to some of the Plaintiffs in this lawsuit. *Id.*

On February 24, 2016, Plaintiffs obtained a permanent injunction following a default judgment against Defendant Monica Vasilenko, an overseas individual whom they accused of operating an illegal music site. Dkt. No. 34. In March 2016, Plaintiffs moved to amend the permanent injunction to cover twenty domains that the Defendants allegedly registered. Dkt. No. 36. This Court granted that motion. Dkt. No. 37. Cloudflare did not participate in, and it was not aware of, those proceedings. Dkt. No. 42-1 at ¶ 10.

Months passed after the amended injunction. At the very end of June 2016, Plaintiffs' counsel first brought the injunction to Cloudflare's attention. *See* Dkt. No. 42-1 at ¶ 11, Ex. C. Plaintiffs asserted the February and March 2016 orders enjoined Cloudflare and that Cloudflare had to do Plaintiffs' bidding or be in contempt of court. *Id.* Cloudflare responded that it did not believe the injunction applied to it and that Plaintiffs had other avenues for obtaining the relief they sought. *See id.* at ¶¶ 12-14, Exs. D-F. Another month passed. Then, without further notice, Plaintiffs filed an "expedited" motion for "clarification" seeking to apply the earlier injunction against Defendants to Cloudflare. Dkt. No. 38.

In their motion, Plaintiffs asserted that they had "exhausted other available options with respect to Defendants" and that the immediate application of the injunction to Cloudflare was "necessary to prevent ongoing and irreparable harm to Plaintiffs from Defendants' conduct." Dkt. No. 38 at 1. Of the twenty domains in the amended injunction (*id.* at 1 n.1), Plaintiffs' motion for "clarification" identified eleven as "Active MP3Skull Domains" (*id.* at 6). Plaintiffs claimed that "Cloudflare currently provides services to all of these domain names." *Id.* After the Court ruled on their emergency motion, however, Plaintiffs abandoned all efforts to apply the

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

2

injunction to Cloudflare, and they notified Cloudflare that the matter was moot.  Kramer Dec. at ¶ 8; *see also* Declaration of Andrew Bridges ("Bridges Dec.") at ¶¶ 2-3, Exs. A-B.

Cloudflare investigated.  It found that, of the twenty domains in the amended injunction, only three were using Cloudflare services at the time Plaintiffs moved for clarification.  Kramer Dec. at ¶ 9.  Indeed, six domains – including five of the so-called "Active MP3Skull Domains" in the amended injunction – had never used Cloudflare services at all.  *Id.*  And the remaining eleven had stopped using Cloudflare before Plaintiffs brought their motion, in some cases long before Plaintiffs filed suit, such as mp3skull.cz, which ceased using Cloudflare in 2014.  *Id.*  Every domain Plaintiffs identified had stopped using Cloudflare by December 2016, without any independent or affirmative action by Cloudflare.  *See id.*  Yet Plaintiffs made no effort to inform the Court of the mootness of their "emergency" motion in the three months before the Court issued its Order.  *See id.*; *see also* Bridges Dec. at ¶ 2, Ex. A.  Moreover, Cloudflare's investigation revealed that that Plaintiff Sony Music Entertainment itself owned seven of the twenty domains months as of the time Plaintiffs brought their motion, and Sony acquired one more domain shortly after.  Kramer Dec. at ¶ 10, Ex. B.

Plaintiffs did not inform the Court of the mootness of their motion against Cloudflare.  The Order left a number of open questions to be resolved, including whether the injunction could apply to Cloudflare and whether Cloudflare acted "in active concert or participation" with Defendants; the Court expressly invited further briefing on these points.  *See* Order at 4-5.  Instead, Plaintiffs have failed to file any such briefing and appear to have abandoned their motion and pursuit of the relief they sought without informing the Court.  And, when Cloudflare confronted Plaintiffs with the findings of its independent investigation, counsel for Plaintiffs admitted that they "do not intend to pursue the matter further" but still declined to take any

action to alert the Court of these developments. Bridges Dec. at ¶ 3, Ex. B.

Plaintiffs' motion for clarification was both improper and unnecessary. Cloudflare is entitled to relief under Rule 60(b) for Plaintiffs' failure to inform this Court of the mootness of their motion as well as Plaintiffs' knowledge that they could achieve full compliance with their injunction without involving Cloudflare. Under Rule 60(b), a district court has power to vacate or set aside a judgment "whenever such action is appropriate to accomplish justice." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)). Here, justice requires vacating the Order. The Court has already acknowledged the weighty due process interests that come into play when applying an injunction against a non-party. *See* Order at 4-5. Even with notice of an injunction, a non-party cannot be compelled to perform, or censured for failing to perform, "until shown to be in concert or participation." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *accord Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 43 (1st Cir. 2000). But Plaintiffs – without a finding that Cloudflare acted "in active concert or participation" with Defendants and with no intention or reason to enforce their injunction against Cloudflare – now seek to prejudice Cloudflare by allowing a preliminary ruling against it as a non-party, on a motion that was unnecessary at its inception and entirely moot shortly after its filing, to remain on the record. A "federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it," and this Court should not indulge Plaintiffs' gamesmanship. *See Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am., Div. 998 v. Wisc. Emp't Relations Bd.*, 340 U.S. 416, 418 (1951). Accordingly, Cloudflare respectfully asks this Court to grant this motion and vacate the Order.

Case No. 15-cv-21450-COOKE/TORRES

## ARGUMENT

**I.   CLOUDFLARE IS A NON-PARTY SERVICE PROVIDER AND DID NOT ACT "IN ACTIVE CONCERT OR PARTICIPATION" WITH DEFENDANTS.**

Cloudflare is an online service provider. Cloudflare provides content delivery network services, Internet optimization and security services, and other performance services for websites. Kramer Dec. at ¶ 2. When a person visits the website of a Cloudflare customer, Cloudflare routes that web traffic through its own global, distributed network. *Id.* This allows Cloudflare to apply security and traffic optimization measures to make sure that a customer's webpage loads faster and to reduce the incidence of malicious attacks. *Id.* Cloudflare has won a number of industry awards for Internet services; for instance, the Wall Street Journal gave Cloudflare back-to-back Technology Innovation Awards in 2011 and 2012, and TechCrunch named it Best Enterprise Startup in 2015. *Id.* at ¶ 5.

Cloudflare has no practical ability to supervise or control the materials on the websites it services. Kramer Dec. at ¶ 7, Ex. A. The owner or operator of each individual website controls its contents or material. *Id.* Nor is Cloudflare "a hosting provider," and it "has no way of removing abusive content on third party hosting services." *Id.* Instead, Cloudflare largely acts as a "pass-through network" (or conduit) for data transferred between two or more Internet users, i.e., a website visitor and the hosting server for that website. *Id.* Cloudflare also "caches content for a limited period in order to improve network performance." *Id.*

"A nonparty who has acted independently of the enjoined defendant will not be bound" by an injunction. *Microsystems Software*, 226 F.3d at 43; *see also Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (L. Hand, J.) ("no court can make a decree which will bind any one but a party"); *accord Zenith Radio*, 395 U.S. at 112; *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13 (1945). At no point did Cloudflare act "in active concert or participation" with

Defendants, and the Court has made no finding to that effect.  To the contrary, this Court has acknowledged that "due process requires not only notice of the Permanent Injunction, but also an opportunity for Cloudflare to address the issue head-on" before it can make any such determination.  Order at 4.  Plaintiffs, by their failure to pursue an injunction against Cloudflare after the Order, concede there is no basis for such a claim; after all, Plaintiffs were apparently able to obtain full compliance with the injunction without Cloudflare having to take any action at all.  Moreover, by maintaining their motion long after the relief they sought was entirely moot, Plaintiff asked for an impermissible advisory opinion that this Court had no jurisdiction to issue: "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000); *accord Amalgamated Ass'n*, 340 U.S. at 418.

Allowing a court order on a moot issue to stand offends due process.  That is especially true where the order was indeterminate and anticipated further briefing and evidence that Plaintiffs have now said they will not provide.  The Court did not reach the question of whether the injunction could properly apply to Cloudflare, and Plaintiffs cannot apply their injunction to non-party Cloudflare without an express finding that it acted "in active concert or participation" with Defendants.  It is manifestly unfair to maintain any interim ruling regarding Cloudflare, the potential for an injunction, and the now-moot question of limitations on injunctions that it enjoys as a "conduit" service provider under 17 U.S.C. § 512(a) when Plaintiffs abandoned all efforts to apply their injunction to Cloudflare.  The Court should therefore vacate the Order.

**II.    RULE 60(b) ENTITLES CLOUDFLARE TO RELIEF FROM THE ORDER, AND THE COURT SHOULD VACATE IT.**

A district court has power to vacate or set aside a judgment or order "whenever such action is appropriate to accomplish justice." *Griffin*, 722 F.2d at 680 (internal citations and

quotations omitted); *see also Jackson v. P.R.C.*, 794 F.2d 1490, 1494 (11th Cir. 1986) (affirming district court's grant of motion to set aside default judgment under Rule 60(b)(6) catch-all provision). The Court's Rule 60(b) power is "discretionary and must be liberally construed to achieve substantial justice." *Id.* at 1496; *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403-404 (5th Cir. 1981) (reversing denial of Rule 60(b) motion and noting that "the rule is applied most liberally to judgments in default").

Non-parties may seek relief under Rule 60(b), as "the Rule was not designed to restrict relief." *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982) (non-party plaintiffs had standing under Rule 60(b)(6) to amend a judgment where they were "sufficiently connected and identified" with the suit). Accordingly, "a non-party whose interests are directly impacted by a judgment" or order "may obtain Rule 60(b) relief" as well. *Stoppa v. Bal Harbour Vill.*, 385 F. App'x 932, 933 (11th Cir. 2010); *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987) (a non-party has standing to seek relief under Rule 60(b) if its "rights were directly compromised by the final judgment"). Similarly, "a claim of fraud on the court may be raised by a non-party." *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980) (affirming post-trial intervention motion by non-party for the purpose of filing Rule 60(b) motion); *see also Pearlman v. Pearlman*, 405 So. 2d 764, 766 (Fla. Dist. Ct. App. 1981) ("Courts interpreting the federal rule (and state rules with identical provisions) have held that a person who is a stranger to the action has standing under the rule to move for vacation of the judgment when that judgment was obtained by fraud or collusion and directly affected the rights of that person."); *accord Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 777 (9th Cir. 1994).

Multiple grounds under Rule 60(b) authorize the relief Cloudflare seeks. First, there was "newly discovered evidence" that, because Plaintiffs' filed their "expedited" motion on a rush

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

7

basis and because of Cloudflare's status as a non-party, "could not have been discovered in time" even with the exercise of "reasonable diligence." *See* Fed. R. Civ. P. 60(b)(2); Dkt. No. 38 (August 4, 2016 expedited motion for clarification). Cloudflare had only a few days to respond to a rushed "expedited" motion that did not follow the Court's rules for expedited motions. *See* Dkt. No. 42 (August 12, 2016 opposition). And Cloudflare had only a single opportunity to defend its rights against the injunction, in its opposition brief. Cloudflare requested a hearing but never received one. *See id*. at 14. And, after Plaintiffs received the Order, they abandoned all efforts to pursue the matter. Kramer Dec. at ¶ 8; *see also* Bridges Dec. at ¶¶ 2-3, Exs. A-B. Yet Plaintiffs still seek to have Cloudflare live under the shadow of an order on a motion that was meritless at the outset and entirely moot shortly after.

Second, Plaintiffs' motion did not disclose the full facts about the domains or Cloudflare's lack of relationship to many of the domains. When all of Plaintiffs' claims became moot before the Court's ruling, Plaintiffs failed to notify the Court or Cloudflare. Plaintiffs' lack of candor thus entitles Cloudflare to relief under Rule 60(b)(3) as well.

Third, since Plaintiffs' motion was completely moot while still pending, and the Court did not enter a decision actually applying the injunction to Cloudflare, applying the Order to Cloudflare "prospectively is no longer equitable" and Plaintiffs' final judgment against Defendants now appears to be "satisfied" without any relevance of Cloudflare to the case. Fed. R. Civ. P. 60(b)(5).

Fourth, in any case Cloudflare is entitled to relief under the catch-all provision under Rule 60(b)(6), which permits courts to vacate an order for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6).

The only way for the Court to assure substantial justice here to set aside the Order and

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

8

thereby remove any reference to non-party Cloudflare in connection with the injunction. Accordingly, this Court should grant Cloudflare's motion and vacate its March 23 Order.

## CONCLUSION

Plaintiffs' attempt to enforce against Cloudflare as a non-party the permanent injunction after default judgment they obtained against Defendants was unnecessary, improper, and entirely moot before this Court ruled on Plaintiffs' motion for clarification. At the time that Plaintiffs filed their motion seeking to have Cloudflare withdraw its services from 20 websites, only 3 of those websites were actually using Cloudflare services, while 6 of the websites were owned and controlled by one of the Plaintiffs. This Court has never found that Cloudflare acted "in active concert or participation" with Defendants but has left the question pending. With no basis for applying Plaintiff's injunction to Cloudflare, and no reason to accord the Court's Order concerning Cloudflare any effect, Cloudflare is entitled to relief under Rule 60(b), and the Court should vacate the Order in its entirety.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Counsel for non-party Cloudflare has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

*[signature on following page]*

Case No. 15-cv-21450-COOKE/TORRES

Dated: July 20, 2017                      Respectfully submitted,

**LOTT & FISCHER, PL**

**Leslie J. Lott**
Leslie J. Lott
Florida Bar No. 182196
E-mail: ljlott@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

*Of counsel:*                      Attorneys for CLOUDFLARE, INC.

Andrew P. Bridges (admitted *pro hac vice*)
E-mail: abridges@fenwick.com
Tyler G. Newby (admitted *pro hac vice*)
E-mail: tnewby@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Armen N. Nercessian (admitted *pro hac vice*)
E-mail: anercessian@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Case No. 15-cv-21450-COOKE/TORRES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

s/ Leslie J. Lott
Leslie J. Lott

## SERVICE LIST

*Arista Records LLC, et al. v. Vasilenko, et al.*
United States District Court, Southern District of Florida
**CASE NO. 1:15-CV-21450-COOKE/TORRES**

Service via CM/ECF generated Notices of Electronic Filing:

**GRAY-ROBINSON, P.A.**
Karen L. Stetson
E-Mail: karen.stetson@gray-robinson.com
1221 Brickell Avenue, 16th Floor
Miami, FL  33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

And

**JENNER & BLOCK LLP**
Kenneth L. Doroshow*
E-Mail: kdoroshow@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*