UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21450-Civ-COOKE/TORRES

ARISTA RECORDS LLC, *et al.*,

    Plaintiffs,

vs.

MONICA VASILENKO, *et al.*,

    Defendants.

_____/

## ORDER

THIS MATTER is before the Court on Non-Party Cloudflare, Inc.'s ("Cloudflare") Rule 60(b) Motion to Vacate the Court's March 23, 2017 Order (ECF No. 49).

By way of brief background, Plaintiffs and Cloudflare have disputed whether the Court's Amended Default Final Judgment and Permanent Injunction (ECF No. 37) applied to Cloudflare. Plaintiffs previously brought a motion for clarification that the injunction applied to Cloudflare as acting "in active concert or participation" with Defendants by providing Internet security, DNS nameserver, and website optimization services. *See* ECF No. 38. Cloudflare opposed the motion, arguing that the application of any injunction to Cloudflare must conform to the limitations of section 512(j) of the Digital Millennium Copyright Act, 17 U.S.C. § 512(j). *See* ECF No. 42. Cloudflare also argued that it must have an opportunity to be heard before an injunction applies to it. *Id.* The Court granted in part and denied in part Plaintiffs' motion, clarifying that section 512(j) "does not blunt a court's power to enforce a permanent injunction involving non-parties such as CloudFlare that may be 'in active concert or participation' with Defendants" pursuant to Rule 65(d) of the Federal Rules of Civil Procedure. *See* ECF No. 48 at 3. The Court denied Plaintiffs' request for a further ruling that the injunction applied to Cloudflare, however, concluding that it could not determine whether Cloudflare was "in active concert or participation" with the enjoined Defendants without notice to Cloudflare and an opportunity to be heard before such a determination. *Id.* at 4-5. The Court indicated that the parties could file motions at

1

the appropriate time for such a determination. *Id.* Afterwards, because the Defendants appeared to have ceased their use of Cloudflare's service, Plaintiffs indicated that they did not intend to pursue the matter further.

Cloudflare then filed a motion to vacate the Court's order on the ground that the Plaintiff's motion for clarification had become moot before the Court issued its order on that motion because at that time no Defendant was using its services. ECF No. 51. The Court heard arguments on the motion and denied it without prejudice, urging the parties to negotiate a process by which Cloudflare might address the potential for application of the injunction if Plaintiffs were to identify any violations of the injunction by Defendants in connection with their use of Cloudflare's services. ECF No. 61. To that end, and for the purpose of resolving this matter and for no other purpose, Plaintiffs and Cloudflare have agreed, and the Court hereby **ORDERS and ADJUDGES** as follows:

(1) If Defendants engage in enjoined activities and use any Cloudflare service in connection with those activities, Plaintiffs may seek from the Court an amendment to the Amended Final Default Judgment and Permanent Injunction (ECF No. 37) to specify the websites or domain names that Plaintiffs believe that Defendants are using to conduct their enjoined activities. Plaintiffs may seek such an amendment as an emergency motion, and the Court may treat it as such, without regard to the filing requirements of Local Rule 7(d), so long as Cloudflare has an opportunity to respond (if it desires). At least two court days before filing any motion that they intend to apply to Cloudflare, however, Plaintiffs shall notify and confer with Cloudflare regarding the motion. Within two court days after Plaintiffs file any such motion, Cloudflare shall inform the Court whether it intends to respond to the motion and, if it intends to so respond, it shall file such a response within one week of the motion.

(2) Plaintiffs may request in such an amendment a specific direction to Cloudflare to cease providing services to websites at specified domains without needing to show that Cloudflare is in active concert or participation with the Defendants with respect to such services. Similar to the provisions in the Amended Final Default Judgment and Permanent Injunction that apply to domain name registrars and registries (ECF No. 37 at ¶ 5), upon receipt of notice of the Court's issuance of such an amendment to the injunction, Cloudflare shall, to the extent it has not already done so, promptly, and in all events within

not more than twenty-four (24) hours or one full business day, whichever is longer, cease providing services to the specified websites or domains. For the sake of clarity, the Court's direction to Cloudflare shall be pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651, and is not a finding that Cloudflare is "in active concert or participation" with Defendants as provided in Rule 65(d) of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in chambers, at Miami, Florida, this 26th day of April 2018.

/Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*